1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,                    CASE NO. CV F 08-0073 LJO DLB

9                    Plaintiff,          DECLARATORY RELIEF AND PERMANENT
                                         INJUNCTION ORDER
10        vs.                            (Doc. 5.)

11   DAVID J. EDWARDS,

12                    Defendant.
                                        /
13

14                            **INTRODUCTION**

15        Plaintiff United States of America ("Government") seeks by summary judgment motion this

16   Court's declaration that defendant David J. Edwards' ("Mr. Edwards'") lien against Internal Revenue

17   Service ("IRS") Officer Dennis Collins ("Revenue Officer Collins") is void in that the lien retaliates

18   against Revenue Officer Collins' attempts to collect Mr. Edwards' delinquent federal tax liabilities. The

19   Government further seeks to enjoin Mr. Edwards permanently from filing non-consensual liens against

20   Government employees.  Mr. Edwards filed no timely papers to oppose the Government's requested

21   declaratory relief and permanent injunction.  This Court considered the Government's summary

22   judgment motion for declaratory relief and permanent injunction on the record[1] and VACATES the May

23   12, 2008 hearing, pursuant to Local Rule 78-230(c) and (h).  For the reasons discussed below, this Court

24   GRANTS the Government summary judgment on its requested declaratory relief and permanent

25   _____

26        [1]      In the absence of Mr. Edwards' timely opposition, this Court carefully reviewed and considered the entire
     record to determine whether the Government's summary judgment motion is well supported.  Omission of reference to an
27   argument, document or paper is not to be construed to the effect that this Court did not consider the argument, document or
     paper.  This Court thoroughly reviewed and considered the evidence and matters it deemed admissible, material and
28   appropriate for summary judgment.

                                        1

1  injunction.

2  **BACKGROUND**

3  **Mr. Edwards' Tax Liability**

4  In 2002, Revenue Officer Collins was assigned to collect Mr. Edwards' delinquent federal tax

5  liabilities.  Revenue Officer Collins made several attempts to contact Mr. Edwards and met with him

6  in person once.  Mr. Edwards refused to provide the IRS with relevant financial information for tax

7  collection or to resolve his case.  The IRS filed nominee liens against Mr. Edwards' real properties,

8  seized Mr. Edwards' personal property, and levied Mr. Edwards' bank and retirement accounts.

9  **Mr. Edwards' Lien Against Revenue Officer Collins**

10  On February 13, 2004, Mr. Edwards filed a Uniform Commercial Code financing statement

11  ("financing statement") with the California Secretary of State to describe falsely Revenue Officer Collins

12  as his debtor.  In his declaration, Revenue Officer Collins states that he is not personally acquainted with

13  Mr. Edwards, has had no contact or relationship with Mr. Edwards other than in his official IRS

14  capacity, never entered a contract or transaction with Mr. Edwards, and owes no money to Mr. Edwards.

15  Revenue Officer Collins fears that the financing statement will impair his credit record.

16  **DISCUSSION**

17  **Summary Judgment Standards**

18  The Government seeks by summary judgment declaratory relief that the financing statement is

19  void and a permanent injunction to prevent Mr. Edwards to file non-consensual liens against

20  Government employees.  F.R.Civ.P. 56(b) permits a party against whom relief is sought to seek

21  "summary judgment on all or part of the claim."  Summary judgment is appropriate when there exists

22  no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

23  F.R.Civ.P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348,

24  1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

25  The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see

26  whether there is a genuine need for trial."  *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348;

27  *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

28  On summary judgment, a court must decide whether there is a "genuine issue as to any material

2

fact," not weigh the evidence or determine the truth of contested matters.  F.R.Civ.P. 56(c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984).  To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990).  "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact."  *Nissan Fire*, 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d at 574.  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

    "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."  *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598.  "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense."  *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574.  "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment."  *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

    F.R.Civ.P. 56(e)(2) requires a party opposing summary judgment to "set forth specific facts

3

1   showing that there is a genuine issue for trial.  If the opposing party does not so respond, summary

2   judgment should, if appropriate, be entered against that party."  "In the absence of specific facts, as

3   opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary

4   judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545

5   (9th Cir. 1988).  When a summary judgment motion is unopposed, a court must "determine whether

6   summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to

7   judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd

8   Cir. 1990).  A court "cannot base the entry of summary judgment on the mere fact that the motion is

9   unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real*

10   *Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  A court "need not sua sponte review all of the

11   evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is

12   supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

13        As discussed below, the Government has met its burden to demonstrate that it is entitled to

14   summary judgment that the financing statement is void and to preclude Mr. Edwards to file non-

15   consensual liens against Government employees.

16                              **Void Financing Statement**

17        Subsection (a) of 26 U.S.C. § 7402 ("section 7402") empowers district courts "to make and issue

18   in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render

19   such judgments and decrees as may be necessary or appropriate for the enforcement of the internal

20   revenue laws."  Section 7402 demonstrates "congressional intention to provide the district courts with

21   a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*,

22   243 F.2d 378, 384 (1st Cir.), *cert. denied,* 354 U.S. 923, 77 S.Ct. 1384 (1957).  Courts have recognized

23   section 7402's broad powers:

24        . . . there need not be a showing that a party has violated a particular Internal Revenue
          Code section in order for an injunction to issue. The language of § 7402(a) encompasses
25        a broad range of powers necessary to compel compliance with the tax laws. *See United
          States v. First National Bank*, 568 F.2d 853, 855-56 (2d Cir.1977); *Brody v. United
26        States*, 243 F.2d 378, 384 (1st Cir.1957). It has been used to enjoin interference with tax
          enforcement even when such interference does not violate any particular tax statute. *See
27        United States v. Ekblad*, 732 F.2d 562 (7th Cir.1984) (§ 7402 used to enjoin individual's
          harassment of IRS agents designed to hinder their effectiveness); *United States v. Hart*,
28        701 F.2d 749 (8th Cir.1983) (same); *United States v. VanDyke*, 568 F.Supp. 820

                                             4

1   (D.Or.1983) (same).

2   *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984), *cert. denied*, 470 U.S. 1050,

3   105 S.Ct. 1748 (1985).

4   "The United States has standing to seek relief from actual or threatened interference with the

5   performance of its proper governmental functions." *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir.

6   1984).  Section 7402(a) empowers a district court "to avoid common-law liens imposed by taxpayers

7   on the property of government officials assigned to collect delinquent taxes."  *Ryan v. Bilby*, 764 F.2d

8   1325, 1327 (9th Cir. 1985).  Bogus liens have been asserted "to harass IRS employees and deter them

9   from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and

10  personal liberty, use this weapon to harass private individuals in their private lives, as part of the tax

11  protestors' campaign."  *United States v. Van Dyke*, 568 F.Supp. 820, 821 (D. Or. 1983).  Such liens

12  "threaten substantial interference with the administration and enforcement of the internal revenue laws

13  and are calculated to molest, interrupt, hinder and impede officials of the Internal Revenue Service in

14  the good faith performance of their official duties as employees of the government of the United States."

15  *United States v. Hart*, 545 F.Supp. 470, 473 (D. N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).

16  Under applicable California law, a lien is created by a parties' contract or operation of law.  Cal.

17  Civ. Code, § 2881.  Under California Commercial Code section 9203(b)(3)(A), a security interest in

18  personal property is created by a security agreement between a debtor and secured party.  "In the absence

19  of a valid security agreement, a financing statement does not create an enforceable security interest."

20  *In re Wes Dor, Inc.*, 996 F.2d 237, 239, n. 2 (10th Cir. 1993).

21  The Government correctly notes that Mr. Edwards retaliates against Revenue Officer Collins'

22  efforts to collect Mr. Edwards' delinquent tax liabilities.  Mr. Edwards filed the financing statement to

23  harass Revenue Officer Collins and to interfere with administration of federal tax laws and collection.

24  Revenue Officer Collins declares that he is not indebted to Mr. Edwards and executed no security

25  agreement in Mr. Edwards favor.  Section 7402 authorizes this Court to declare the financing statement

26  void, and it is.

27  **Injunctive Relief**

28  The Government contends that Mr. Edwards should be prohibited to file bogus liens against

5

Government employees.   Injunctive relief "is available to a party who demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor."  *Sammartano v. First Judicial Dist. Court in and for the County of Carson City*, 303 F.3d 959, 965 (9th Cir. 2002).   Each of these two formulations requires examination of the potential merits of the asserted claims and the harm or hardships faced by the parties.  *Sammartano*, 303 F.3d at 965.   Additionally, "[i]n cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff."  *Fund for Animals v. Lujan*, 962 F.2d 1391, 1400 (9th Cir.1992).

### *Success On Merits*

The Government argues that it succeeds on the merits given the absence of a cognizable debt and support for the financing statement under California law.  The Government is correct.  As demonstrated above, the financing statement is void.

### *Irreparable Harm*

Generally, a party seeking injunctive relief needs to "show that there exists a significant threat of irreparable injury."  *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987).  However, when "an injunction is authorized by statute, and the statutory conditions are satisfied as in the facts presented here, the agency to whom the enforcement of the right has been entrusted is not required to show irreparable injury."  *Odessa Union*, 833 F.2d at 175.

The Government argues that it has shown irreparable harm in that Mr. Edwards interfered with administration and enforcement of IRS law and distressed Revenue Officer Collins.  The Government contends that injunctive relief will prevent interruption and hindrance of IRS employees and collection of federal taxes.

Again, the Government is correct.  "The filing of such frivolous documents imposes irreparable harm on the individuals and entities that are the victims of the liens."  *United States v. MacElvain*, 858 F.Supp. 1096, 1100 (M.D. Ala. 1994) (taxpayer permanently enjoined after filing common law liens, complaints and commercial notices against IRS officer and employees); *see United States v. Kaun*, 633 F.Supp. 406, 418 (defendant and his followers "continue to seek to frustrate the administration and enforcement of the federal tax laws – all to the great, irreparable harm of the Internal Revenue Service

1   and the public it serves"); *United States v. Van Dyke*, 568 F.Supp. 820, 822 (D. Or. 1983) (defendant's

2   actions "in filing these lawsuits and documents, impose irreparable harm upon the employees of the

3   federal government with whom these tax protestors quarrel").   Government employees deserve

4   protection from Mr. Edwards' reckless, frivolous filings.

5                                    ***Balance Of Hardships***

6          The Government argues that since the financing statement is void, Mr. Edwards is not injured

7   by preclusion to file non-consensual liens against Government employees.   There is no harm to Mr.

8   Edwards to preclude him to file ill-intended, frivolous liens.

9                                      ***Public Interest***

10          The Government points to the public's interests in fair administration of federal tax laws and

11  prevention to abuse and harass Government employees.   The Government notes that Mr. Edwards

12  disadvantages honest taxpayers by not paying his taxes and imposing the cost of undoing his harassment

13  on them.   Clearly, the public interest is served by preclusion to harass Government employees with

14  frivolous liens.  The Government has demonstrated that Mr. Edwards must be enjoined from his abusive

15  tactics.

16                                **CONCLUSION AND ORDER**

17          For the reasons discussed above, this Court:

18      1.      GRANTS the Government summary judgment and DECLARES that the Mr. Edwards'

19              UCC Financing Statement 0405060620 filed with the California Secretary of State is

20              null, void and of no legal effect;

21      2.      GRANTS the Government permission to submit a proposed order of nullification of

22              UCC Financing Statement 0405060620 to file with the California Secretary of State;

23      3.      ENJOINS and PRECLUDES Mr. Edwards permanently from filing or attempting to file

24              any document or instrument which purports to create a non-consensual lien or

25              encumbrance against the person or property of an employee or officer of the United

26              States of America;

27      4.      VACATES all pending dates and matters, including the May 28, 2008 scheduling

28              conference; and

7

1       5.    DIRECTS the clerk to enter judgment in favor of plaintiff United States of America and

2     against defendant David J. Edwards and to close this action.

3     IT IS SO ORDERED.

4 **Dated:**   **April 30, 2008**             **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE